UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1265

EXPERT BUSINESS SYSTEMS, LLC; DAVID ESAW,

Plaintiffs - Appellants,

versus

BI4CE, INCORPORATED, d/b/a Business
Intelligence Force; CHRISTOPHER S. CHODNICKI,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Andre M. Davis, District Judge. (1:04-cv-
00600-AMD)

Argued: January 31, 2007          Decided: May 9, 2007

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Dennis J. Starks, Accokeek, Maryland, for Appellants.
Joseph A. Compofelice, Jr., MARCUS & BONSIB, Greenbelt, Maryland,
for Appellees. **ON BRIEF:** Bruce L. Marcus, MARCUS & BONSIB,
Greenbelt, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Plaintiffs Expert Business Systems, LLC, and David Esaw (collectively, "EBS") appeal from the district court's award of summary judgment to defendants BI4CE, Incorporated, d/b/a Business Intelligence Force, and Christopher Chodnicki (collectively, "BI4CE"), pursuant to the court's January 2006 Memorandum Opinion. See Expert Business Systems, LLC v. BI4CE, Inc., No. 1:04-cv-00600-AMD (D. Md. Jan. 31, 2006) (the "Opinion"). As explained below, we are satisfied with the district court's analysis of the issues in its Opinion, and we are content to affirm its judgment in favor of BI4CE.

I.

A.

On February 27, 2004, EBS filed a seven-count complaint against BI4CE in the District of Maryland, alleging that BI4CE had violated the Electronic Communications Privacy Act (the "ECPA"), 18 U.S.C. §§ 2510-2521, and the Computer Fraud and Abuse Act (the "CFAA"), 18 U.S.C. § 1030, and also alleging various state law claims. On December 16, 2005, the parties filed cross-motions for summary judgment. Concluding that there were no issues of material fact in dispute, and that EBS had failed to forecast sufficient evidence to establish either of its two federal causes of action, the district court awarded summary judgment to BI4CE on the ECPA

2

and CFAA claims. By its Opinion, the court declined to exercise supplemental jurisdiction over EBS's five state law causes of action and dismissed them without prejudice. EBS contends on appeal that the court erred in its Opinion in four specific respects: (1) concluding that there was insufficient evidence to support the ECPA and CFAA claims; (2) failing to view the evidence in the light most favorable to EBS; (3) applying an incorrect evidentiary standard for claims arising under the ECPA and CFAA; and (4) making impermissible credibility determinations.

B.

EBS and BI4CE, which are information technology businesses, entered into an agreement to develop a computer software program after David Esaw, the president of EBS, and Christopher Chodnicki, the president of BI4CE, met in early 2002 at a technology seminar. Pursuant to a Teaming Agreement executed in January 2003, EBS and BI4CE were to work together closely in a joint effort to develop a web-enabled version of EBS's proprietary software. After several months, however, the business relationship between the parties began to deteriorate and EBS terminated the Teaming Agreement in July 2003. At that time, EBS informed BI4CE that it had breached the Teaming Agreement by, inter alia, remotely accessing an EBS desktop and laptop on several occasions without authorization. EBS asserts that shortly after it notified BI4CE of its alleged breach

3

of the Teaming Agreement, BI4CE transmitted a program, code or command to an EBS desktop computer which rendered it useless. As specific evidence of interception, EBS contends that BI4CE intercepted two emails addressed to fictional employees created by EBS for marketing purposes.

EBS's contentions on its ECPA and CFAA claims are spelled out in its Complaint and these contentions and the related evidence were carefully reviewed by the district court in the Opinion. These contentions include, inter alia, the assertion that during their business relationship, BI4CE gained access to two of EBS's computers and, through the unauthorized installation of a remote access program, improperly gained access to the records and data contained therein. Specifically, Count I of the Complaint alleges that BI4CE violated the ECPA by intercepting, disclosing, endeavoring to disclose, and using EBS's wire, oral or electronic communications.[1] EBS then alleges, in its Count II, that BI4CE violated the CFAA by remotely accessing EBS's computers without

---

[1]The ECPA creates a cause of action for a violation thereof and provides, in relevant part:

> [A]ny person who . . . intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication; . . . shall be subject to suit.

18 U.S.C. § 2511(1)(a).

authorization and transmitting a computer program that destroyed one of EBS's computers.[2]

In contrast, BI4CE explains that it installed the remote access program at EBS's request to allow EBS to remotely access BI4CE's server. According to BI4CE, this arrangement allowed EBS to make changes to its product website, which BI4CE was developing pursuant to the Teaming Agreement. BI4CE further contends that it received the two emails at issue in the ordinary course of its business arrangement with EBS and immediately forwarded them to EBS. Finally BI4CE asserts that the damage to the computer was caused by EBS's own system upgrades and file downloads and not by any harmful program or code sent by BI4CE.

Although it is undisputed that BI4CE had physical access to the computers in question on at least one occasion, the evidence fails to demonstrate that BI4CE installed any software that allowed it remote access to EBS's computers. Instead, the evidence indicates that the software on these computers allowed EBS to initiate remote access to BI4CE's server, not vice versa.[3] This

---

[2]The CFAA creates a cause of action for a violation thereof, and provides, in relevant part, that whoever causes a $5,000 loss during a one-year period by "knowingly caus[ing] the transmission of a program, information, code, or command, and as a result of such conduct, intentionally caus[ing] damage without authorization, to a protected computer" shall be subject to suit. 18 U.S.C. § 1030(a),(g).

[3]EBS and BI4CE each submitted expert reports of forensic computer examinations to the district court in support of their respective motions for summary judgment. Lawrence Larsen, retained

5

evidence supports BI4CE's contention that EBS requested the remote access arrangement so that it could make alterations to its product website, which BI4CE was developing and hosting. EBS also failed to forecast any evidence to demonstrate that BI4CE had "intercepted" the emails at issue or any other wire, oral or electronic communication. Instead, the evidence is that BI4CE received and promptly forwarded to EBS the two contested emails pursuant to the Teaming Agreement and its obligations to host and maintain the EBS product website on its server. Finally, EBS failed to rebut BI4CE's evidence that the complained of damage to the EBS computer was caused by the activities of an EBS employee, rather than being caused by a harmful program or code sent by BI4CE.[4]

---

by EBS to examine the hard drives of its two computers, drew no conclusions regarding the cause of EBS's computer problems. Instead, Larsen reported that he had not detected any suspicious internet activity or spyware during his forensic review, and indicated that it was the EBS computer that was initiating contact with the BI4CE server, in a manner consistent with BI4CE's explanation of events.

[4]EBS's expert, Larsen, did not identify any evidence of a program or code sent by BI4CE to cause damage to EBS's desktop computer in violation of the CFAA. In contrast, Michael Wertheimer, retained by BI4CE, found forensic evidence indicating that EBS's difficulties with its desktop computer were ongoing, rather than sudden, and that they may have been caused by a system update, hardware installation or file download that all coincided with EBS's computer problems. Wertheimer did not find any evidence of a harmful code or program sent by BI4CE and, accordingly, concluded that there is no basis to identify any suspicious activity on the part of BI4CE. EBS accordingly failed to forecast any evidence that BI4CE had transmitted such a code or program beyond its undisputed computer problems.

II.

We review de novo a district court's award of summary judgment, viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. See EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405 (4th Cir. 2005). Summary judgment is permissible when "there is no genuine issue as to any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When a party has submitted sufficient evidence to support its request for summary judgment, the burden shifts to the nonmoving party to show that there are genuine issues of material fact justifying a trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-88 (1986). And, of course, unsupported speculation is not sufficient to defeat a properly supported summary judgment motion. Ash v. UPS, 800 F.2d 409, 411-12 (4th Cir. 1986). An award of summary judgment is also appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. With these principles in mind, we turn to EBS's appellate contentions.

III.

A.

EBS first contends on appeal that the district court erred in concluding that EBS had forecast insufficient evidence to support its federal claims under the ECPA and the CFAA. Having thoroughly reviewed the Opinion and the parties' appellate briefs, and having heard and considered the oral argument, we are satisfied that the court did not err in ruling that there is insufficient evidence to support the ECPA and CFAA claims. We are therefore content to reject this contention on the reasoning of the district court. <u>See</u> Opinion 7-8 (concluding that there is an "utter lack of any substantial probative evidence" to support the ECPA cause of action, and an "utter lack of expert opinion evidence" to support EBS's "speculative assertions" of a CFAA cause of action).[5]

B.

EBS next contends that the district court applied an incorrect evidentiary standard for its claims under the ECPA and CFAA, by ruling that direct evidence is essential in order to establish such claims. To the contrary, however, the Opinion does not so rule, and it does not mandate that direct evidence is essential to maintaining the two federal claims. Instead, the court concludes

---

[5]The Opinion can be found at J.A. 1238-47. (Citations to "J.A.___" refer to the Joint Appendix filed by the parties in this appeal.)

that there is an "utter lack of any substantial probative evidence that defendants wrongfully 'intercepted' the disputed e-mails" and notes the "utter lack of any expert opinion evidence supporting the speculative assertions by plaintiffs that defendants . . . damaged the computers through the delivery of a [code or program]." Opinion 7-8. The only discussion by the court of either direct or circumstantial evidence is its characterization of the evidence offered by EBS as "an increasingly attenuated series of inferences-on-inferences based on circumstantial evidence arising from defendants' undisputed physical access to the plaintiffs' computers." Opinion 6. Accordingly, the Opinion does not premise the court's award of summary judgment to BI4CE on the fact that EBS presented circumstantial evidence only. The award is, to the contrary, simply based on the court's conclusion that EBS's evidence was insufficient to present a genuine issue of material fact.

C.

EBS next asserts that the district court, in its Opinion, failed to view the evidence in the light most favorable to EBS, and contends that the court erred when it failed to give proper weight to the evidence presented. This contention is again contradicted by the Opinion, where the court observes that, "[e]ven viewing the record in favor of plaintiffs as the non-movants, no reasonable

juror could reasonably conclude by a preponderance of the evidence that defendants violated § 2511." Opinion 8. The Opinion points out, as to EBS's CFAA claim, that "plaintiffs have not even attempted to respond to the unobjected-to and unrebutted opinion stated by defendants' forensic computer experts." Id. After our independent consideration of the record and the Opinion, we are satisfied that the court viewed the evidence in the light most favorable to EBS and correctly concluded that no reasonable juror could find in EBS's favor on the basis thereof. Although reasonable inferences must be drawn in favor of EBS as the nonmoving party, such inferences are required by law to "fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture." Thompson Everett, Inc. v. Nat'l Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995). The district court correctly applied the controlling legal principles in this regard, and this contention of EBS is thus also without merit.

D.

Finally, EBS contends that the district court made credibility determinations in its Opinion that are inappropriate for a summary judgment proceeding. Specifically, EBS asserts that the court erred when it observed, by footnote, that emails sent by EBS contained "harsh language" and "sarcasm," when it stated that EBS

10

did not "accurately set forth the date on which plaintiffs' interns first exercised dominion and control over plaintiffs' computers," and when it observed that an intern resisted BI4CE's attempts to depose him "apparently with plaintiffs' acquiescence." Opinion 4 n.6, 6 n.9. EBS is correct, of course, that credibility determinations by a trial court are not permissible in a summary judgment proceeding. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (noting that "[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict"). Contrary to this contention, however, the Opinion does not reflect that the district court made any such credibility determinations. Moreover, the court did not rest its award of summary judgment to BI4CE on the specified footnotes, but instead on the failure of EBS to demonstrate a dispute of material fact on the ECPA and CFAA claims. As a result, this final contention is also rejected.

IV.

Pursuant to the foregoing, we are unable to identify any reversible error made by the district court in its disposition of

11

this case, and we thus affirm its award of summary judgment to BI4CE.

<u>AFFIRMED</u>